# REPORTS.

## CHITTENDEN COUNTY.

### JANUARY TERM, 1843.

PRESENT HON. CHARLES K. WILLIAMS, *Chief Justice.*
    " ISAAC F. REDFIELD, ⎱
    " MILO L. BENNETT, ⎰ *Assistant Justices.*
    " WILLIAM HEBARD, ⎰

---

### TREASURER OF VERMONT *v.* JACOB ROLFE.

A recognizance entered into before the county court, by a person in cus-
tody on a criminal charge, that the respondent shall make his personal
appearance before the court then sitting, and remain from time to time,
and from day to day, and shall answer, and shall abide the orders and
decrees of the court, and not depart without leave, is a legal and valid
recognizance.

SCIRE FACIAS on a recognizance entered into before the
county court for the county of Chittenden, by the defendant
and one Henry Hand as sureties for John Williams, in cus-
tody on a warrant from said court.

The declaration having set forth an indictment against
Williams—its return into court, and his arrest, and deten-
tion in custody, upon a warrant issued thereon, alleged that:

" On the 4th day of September, 1839, at Burlington afore-
' said, by order and direction of the county court aforesaid,
' the said John Williams, as principal, and Jacob Rolfe and
' Henry Hand, as sureties, came personally before the judges
' of the court aforesaid, as by the record of said county court
' will more fully appear, and, in open court, acknowledged
' themselves jointly and severally indebted to the treasurer

CHITTENDEN,
January,
1843.

Treasurer of
Vermont
v.
Rolfe.

" of the state of Vermont in the sum of four hundred dollars,
' to be levied of their, and each of their goods and chattels,
' lands and tenements, and, for want thereof, upon their and
' each of their bodies, upon the condition following, to wit,
' that if the said John Williams, being charged, as specified
' in the said bill of indictment, shall make his personal ap-
' pearance before the county court then sitting at Burlington
' aforesaid, and remain from time to time, and from day to
' day, and then and there answer to such matters and things as
' should then and there be objected to him in that behalf, and
' there abide such order and decree of said court, as said court
' should make in the premises, and not depart without leave
' of said court, then the said recognizance should be void
' and of no effect, but otherwise it should be and remain in
' full force and effect;—which said recognizance and the
' condition thereof being duly certified in open court, by the
' clerk of said court, and was duly received in the said county
' court,—as by the record of said recognizance and the con-
' dition thereof, now remaining in the said county court at
' Burlington, manifestly appears. And although the said
' John Williams was, by order of the said court, publicly
' called in said court, to make his personal appearance before
' said court, to answer to such matters and things as should
' be objected to him in that behalf, and although the said
' Jacob Rolfe and the said Henry Hand were, also, three
' times publicly called in, and by order of, said court, to have
' the said John Williams before the said court according to
' the condition of the recognizance, yet, the said John Wil-
' liams neglected to appear before the said court, and the
' said Jacob Rolfe and the said Hand refused to have the
' said John Williams before the said court, but suffered the
' said recognizance to become forfeited," &c.

The defendant demurred to the declaration, and judgment
was rendered by the county court that the declaration was
sufficient. The defendant excepted.

*Lyman & Marsh*, and *Charles D. Kasson* for defendant.
I. The recognizance is void for requiring more than the
law. *Treasurer v. Seaver et al.* 7 Vt. R. 485. 7 Pick. R.
233. 9 Con. R. 350.
In taking the recognizance, the court were in the exercise

of their common law powers.    There is no statute for such <span style="font-variant:small-caps">Chittenden,</span> *January,* a case.    If, therefore, the common law did not authorize the 1843. *condition,* the whole is void.

At common law the respondent was only bound to give bail for his appearance at the proper tribunal, or, at most, to appear and answer.    H. P. C. book 2, cap. 15, sec. 2, 83, 84.  4 Bl. Com. 297.  1 Chit. Crim. L. (90) and (93) (105) 86.    This requires him to *appear, remain from day to day and time to time, and abide the order and decree of the court in the premises, and not depart without leave of the court.*

If, at common law, (where the recognizance was simply to *appear and answer*) the prisoner *stood mute,* his sureties were *amerced;* and so the law stood until the statute of *Mailbridge,* cap. 28, provided a remedy.    H. P. C. b. 2. cap. 15, 384.    Thus clearly showing that a recognizance at *common law* was to be considered in the light of any other contract, so far as relates to its *construction.*

In the case of *Mather* v. *Clark,* 2 Aik. 210, which was a question arising on a bastardy recognizance under our statute, the court held that the *construction of the statute,* was such as to be answered by a mere appearance and surrender for trial.    This would seem to be treating the words, "abide the order of court" &c. as surplusage and not meaning any thing.

But the construction of a statute, with a view to the end it sought, and that of a contract, at common law, are quite different things.

A case is not to be found where, at common law, a prisoner was ever required to find bail that he should be *whipt, imprisoned, pay a fine,* be *transported* or *hung,* if the court so ordered ; nor are many statutes of that kind to be found ; and what there are, it would seem, are virtually repealed, so far, by judicial construction ; thus showing the indisposition of our courts to sustain a law so manifestly violating every constitution of this country and even the statute of Wm. and M. of England, protecting against *excessive bail.*

See *Mather* v. *Clark* above cited, where the court deem it, if construed as it apparently reads, *wholly unconstitutional.*

Will this court, then, sustain a condition, *imposed, confess-*

CHITTENDEN,
January,
1843.

Treasurer of
Vermont
*v.*
Rolfe. *edly*, by *a judicial tribunal, which even our legislature could not enact within the pale of our constitution?*

It is true there cannot be found many cases, at common law, to show that an escape after sentence, or after conviction and before a full compliance with the sentence, would be a breach of such a condition, and the reason is obvious ; for 1st. no common law court ever claimed the power ; and 2d. if they did, and the condition was broken, no prosecuting attorney ever presumed that he could enforce such a void recognizance. The very absence of such a case proves the absence in the law of such a condition.

But we do find in the cases cited, that if there is more than a condition to *appear*, it must be *complied with*. This shows that, at common law, the terms of the condition, as regards its construction, are viewed in the light of a contract. *Queen v. Bidpath*, 10 Mod. R. 152. 1 Chit. Crim. L. 86. *Treasurer v. Woodward*, 7 Vt. R. 531.

II. There is a still more anomalous condition in this recognizance.

The object of every recognizance is to give the prisoner his liberty, until *some time certain*, when the court shall put him to plead.

Here it appears he was *arrested, and in the court, then in session ;* and *in this state of affairs he was admitted* (or, rather, pretended to be admitted) to bail, *i. e., to his liberty*. And by the express terms of the condition, he became bound to "*remain*" where he was, "*at all times*"—"*from day to day*" and "*time to time,*" " *and not depart without leave of court.*"

What did he get by such a recognizance,—entered into to keep him a prisoner ?—sureties that he should continue to abide *in duress ?* The very object of the whole proceeding *is liberty*, and by the very terms of the condition he forfeits it.

The court, having the prisoner in custody, have no right or power to demand that he shall procure sureties for his remaining so. He could not "*depart*" without *asking* " *leave of said court.*"

Again :—It is insisted that if he did get any liberty, lawfully, by such a condition, there should be some *time certain*, at which he was bound to appear. Both prisoner and sureties

were entitled to know at what time he would be required to answer.

If it be said he must "*remain*" *where he was*, then he took nothing by his recognizance ; and if he need not " remain" but really took liberty as the lawful condition of his recognizance, then *a time* should have been prescribed, at which he should *appear ;* otherwise this legal instrument, or record, is a mere trap to catch the unwary ; and even the wisest could not escape the snare. The law abhors such things, and seeks to *protect* rather than *ensnare.* 1 Chit. Crim. L. 86 (105) 87 (106).

III. The remaining objection to the recognizance, is, that the parties were required to pledge not only their property of every kind, but " their *bodies*" to be taken in execution, in the teeth of the statute which *protects them from imprisonment on all contracts.*

If this recognisance was by them *voluntarily* entered into, it is, as it respects this statute a *contract.*

It is not a judgment, properly ; (and it is understood that this court considers judgments, even, as within the purview of that act,) so that in any view of the case, the court had no right to demand a pledge of " *their bodies.*" See 3 Maule and Sel. 1.

IV. It does not appear when or where the cognizors were called upon to produce Williams.

It is recited under a *licet sapius*, they were called " by order of the said court," *i. e. Chittenden county court*, to produce him, &c. but whether it was at that term, or some other term, before, or after ; or, if at that term, whether before or after the recognizance, *does not appear.*

He should be bound to a *day certain ;* but if he be called *at any other time*, the cognizors are entitled to notice of such intention, which they have not, in this case, had. 1 Chit. Crim. L. 87, (106).

Nor is it alleged that the prisoner was ever " called" except by way of recital, which is bad on general demurrer. This is a material, traversable fact, and should be *expressly averred. Balch* v. *Owen*, 5 T. R. 409. *Wallis* v. *Scott*, 1 Strange 88. *Birks* v. *Trippet*, 1 Saund. 33, note (2).

V. There is no sufficient *breach assigned.* The breach is that he *did not appear at the said court*, but it does not

CHITTENDEN, appear, at what term, whether when he was called, or at
January, what time he was called.
1843.

Treasurer of
Vermont        *H. Leavenworth, State's Attorney*, for plaintiff.
   *v.*           I. The declaration in this case is in the usual form in
Rolfe.
writs of *scire facias*, and which has always been approved
of; and adopted by the court. The objections that have been
made are without the least foundation, and will so appear by
reference to the declaration itself. The declaration, then, is
sufficient authority in and of itself, on the face of it, to satis-
fy the court of its sufficiency.

II. The body of the defendant can be held on the recog-
nizance as it is not a contract; and if that part is bad, it does
not render the recognizance otherwise void. *Treasurer* v.
*Woodward*, 7 Vt. R. 529.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—This is a *scire facias* on a recogni-
zance, entered into for one Williams, who was arrested and
in custody on a warrant issued from the county court. The
writ is demurred to, and brings in question, both the *legality*
of the recognizance, and the sufficiency of the writ of *scire
facias*. It appears from the writ that a bill of indictment
was found by the grand jury, returned into court, a warrant
issued thereon, and the respondent arrested; and that, being
in custody, the defendant entered into the recognizance de-
clared on.

No power is expressly given to the court, by statute, to
take any recognizance in such a case, nor is any form pre-
scribed; but it is undoubtedly incident to every court, hav-
ing criminal jurisdiction, not only to bring the offender be-
fore them, but to take bail for his appearance, in such form,
as shall secure the object intended, to wit, the appearance of
the person accused, at all times, when requested. When the
offender is brought before a magistrate, for examination, the
magistrate is authorized by statute, to take bail for his *ap-
pearance* before the next county court. So when the person
is in jail, a judge of the county or supreme court is author-
ized to take bail for the *appearance* of such person, before
the county court.

It is to be noticed that these statute provisions, which

have been in existence for over half a century, require bail only for the personal appearance. A form of recognizance to be taken by the magistrate, was made and published by Judge Chipman as early as the year 1792, and has ever since been adopted, the condition of which is nearly in the words of the recognizance under consideration.

The same condition has been inserted, in all recognizances taken in court, or by a judge out of court, from that time to this ; and we should be very reluctant, at this time, even to question, or doubt their validity. The object of taking bail is, to relieve the person from actual custody, and to secure his appearance whenever wanted either to plead, to take a trial, or to receive the judgment of the court.

The condition is fulfilled by the appearing of the person at any day, or at any time when called on, for that purpose, answering by plea, and submitting to hear the sentence of the court. Indeed, this subject appears to have been fully considered and determined in the case of the *State Treasurer* v. *Woodward,* 7 Vt. R. 529 ; and most of the questions which have here been argued were decided in that case. There appears to be no condition in this recognizance, contrary to the usual form, except *the condition to remain ;* and this means nothing more than that he should be at all times, ready to appear and answer, when called for.

The breach is well assigned, in stating that the respondent did not appear though called ; and it was not necessary to aver that the respondent and his bail were called and also that he did not appear. Notice of calling the bond was not necessary, as was determined in the case of the *Treasurer* v. *Woodward ;* nor was it necessary, in the taking of the recognizance, as it was taken during the sitting of the court, to specify any day for his appearance, though the day of appearing should be mentioned if the recognizance be taken in vacation.

The writ and the recitals therein, are somewhat inartificially set forth ; but as the recognizance appears to have been in the form long since established, and constantly used, and contains no other conditions except to secure the performance of the duty required of the person indicted ; and is, moreover, sanctioned by the decision of this court, in the

CHITTENDEN,
January,
1843.

cases before referred to, we adjudge the same to be sufficient. The judgment of the county court is, therefore, affirmed.